**WO**                                                                              SVK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Joseph A. Trenton, | No. CV 06-2905-PHX-MHM (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora B. Schriro, et al., | |
| Defendants. | |

Plaintiff, who is confined in the Arizona State Prison Complex in Winslow, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. By Order filed December 15, 2006, the Court dismissed the Complaint for failure to state a claim and gave Plaintiff 30 days to file an amended complaint. On December 28, 2006, Plaintiff filed a First Amended Complaint (Doc. #6). The Court will order Defendants Schriro, Hammer, and Salwitz to answer Counts I, II, and IV of the First Amended Complaint and will dismiss the remaining claim and Defendant without prejudice.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

TERMPSREF 28

1   be granted, or that seek monetary relief from a defendant who is immune from such relief.

2   28 U.S.C. § 1915A(b)(1), (2).

3   **II.     First Amended Complaint**

4          Plaintiff names the following Defendants: (1) Dora B. Schriro, Director of the Arizona

5   Department of Corrections; (2) Linda Hammer, Facility Health Administrator, Winslow; (3)

6   Susan Buffington, Nurse; and (4) Michael T. Salwitz, Physician Supervisor.   The Amended

7   Complaint contains four counts alleging violations of the Eighth Amendment, specifically,

8   deliberate indifference to serious medical needs arising from Plaintiff's Ramsey Hunt

9   Syndrome, which was initially misdiagnosed as Bell's Palsy.  Count I alleges deliberate

10  indifference by Defendant Schriro through a policy of failing to provide for 24-hour medical

11  coverage on the weekends.  Plaintiff alleges that he had stroke-like symptoms on Friday,

12  June 17, 2005, asked to see medical personnel, but was not seen until the following Tuesday.

13  In Count II, Plaintiff alleges deliberate indifference by Defendant Hammer who Plaintiff

14  alleges knew about inadequate medical care provided by Defendant Buffington and the

15  medically unacceptable care provided by Defendant Salwitz yet  refused to refer Plaintiff to

16  a specialist.  Count III alleges deliberate indifference by Defendant Buffington.  Count IV

17  alleges deliberate indifference by Defendant Salwitz for failing to provide pain medication

18  and nerve strengthening and regenerating medication, which Plaintiff alleges are absolutely

19  necessary to treat RHS recurrences in order to prevent further recurrences and complications.

20          Plaintiff seeks damages and declaratory and injunctive relief.

21  **III.    Failure to State a Claim**

22          In Count III, Plaintiff alleges that he saw Defendant Buffington on June 21, 2006 and

23  that she provided medically unacceptable care to him.  Plaintiff also alleges that he filed a

24  separate civil action on that matter.  Court records indicate that Plaintiff has, in fact, filed a

25  case against Defendant Buffington, Slone v. Barcklay, 05-3736-PHX-MHM (DKD), that

26  appears to include claims regarding this conduct.  The allegations in the remainder of Count

27  III state that Buffington was aware of her inadequate medical treatment by the spring of 2005

28  but she refused to alter the course of treatment or refer Plaintiff to a specialist.  However,

according to the First Amended Complaint, Plaintiff did not have his initial attack until June 2005, so it is unclear how Defendant Buffington could have known of her allegedly inadequate treatment in the spring of 2005, and Plaintiff does not clearly state that Defendant Buffington treated him again. The allegations do not state a claim.  Moreover, it appears that Plaintiff has already filed suit against Defendant Buffington regarding his treatment on June 21, 2005.  Therefore, Count III and Defendant Buffington will be dismissed.

**IV.     Claims for Which an Answer Will be Required**

Counts I, II, and IV state claims against Defendant Schriro, Hammer and Salwitz respectively, and the Court will require them to answer these counts.

**V.    Warnings**

    **A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

    **B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.      Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Count III and  Defendant Buffington are **dismissed** without prejudice.

(2)     Defendants Schriro, Hammer and Salwitz must answer Counts I, II, and IV of the First Amended Complaint.

(3)     The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. #6), this Order, and both summons and request for waiver forms for Defendants Schriro, Hammer and Salwitz.

(4)     Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6)     The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(7)     The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons.  If a waiver of service of summons is not returned by a

Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

      (a)   personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

      (b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8)   **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9)   Defendants must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10)   Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(11)   This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 24th day of January, 2007.

_____
Mary H. Murguia
United States District Judge

TERMPSREF