WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Amaziah Trenton,<br><br>    Plaintiff,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Defendants. | No. CIV 06-2905-PHX-MHM (DKD)<br><br>**ORDER** |

    Pending before the Court are Defendants' Motion to Continue Deadlines (Doc. #25), Plaintiff's Motion for the Appointment of Legal Counsel or in the Alternative for an Order to Retain Typewriter (Doc. #27), and Plaintiff's Motion to Strike Defendants' Motion to Continue Deadlines (Doc. #28).

**Appointment of Counsel**

    Plaintiff requests that the court appoint counsel due to his medical issues. There is no constitutional right to appointment of counsel in a civil case. *See Johnson v. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). Appointment of counsel in a civil rights case is required only when exceptional circumstances are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). In determining whether to appoint counsel, the court should consider the likelihood of success on the merits, and the ability of plaintiff to articulate his claims in view of their complexity. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

Plaintiff has not demonstrated a likelihood of success on the merits, nor has he shown that he is experiencing difficulty in litigating this case because of the complexity of the issues involved or because of his medical issues. Moreover, Plaintiff's numerous filings with the Court as well as the pending motion, indicate that Plaintiff is capable of presenting legal and factual arguments to the Court. After reviewing the file, the Court determines that this case does not present exceptional circumstances requiring the appointment of counsel. Accordingly, Plaintiff's request for the appointment of counsel will be denied.

**Retain Typewriter**

Plaintiff asserts in his motion that due to his medical issues, he should be allowed to retain the use of his typewriter (Doc. #27 at 2). Per ADOC Department Order 909, Implementation, Compliance Schedule, promulgated on October 11, 1999, prisoners incarcerated as of that date were given three years to bring their property into compliance with the new policy.

> Inmates who are in custody prior to October 11, 1999, shall purchase or obtain property in compliance with the Department Order on its effective date. All inmate property obtained prior to the effective date of this Department Order shall be in compliance by October 11, 2002.

The policy allows inmates to send noncomplying items of personal property to persons outside the institution at the inmate's expense, to donate non-complying property to charity or the ADOC, or to direct that the items be destroyed. *See* D.O. 909.05 §§ 1.14.1, 1.14.2; D.O. 909.09 §§ 1.3, 1.4. It is not clear from the face of the policy exactly what disposition will be made of the non-complying property which has not been disposed of by the effective date of the Department Order. However, interpreting A.R.S. § 31-228(A), the Arizona Court of Appeals has found that ADOC is required to store and maintain pending the inmate's release any property items disallowed for immediate possession which were previously authorized. *State v. Blum*, 171 Ariz. 201, 829 P.2d 1247 (App. 1992); A.R.S. § 31-228(A).

"While an inmate's ownership of property is a protected property interest that may not be infringed upon without due process, there is a difference between the right to own property

and the right to possess property while in prison." *Searcy v. Simmons*, 299 F.3d 1220, 1229 (10th Cir. 2002) (quoting *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002)). When property policies are revised to reduce the amount of property an inmate may have in his cell, and he is "allowed to send the property he could not possess in prison to a place of his choosing," the inmate is not "deprived of the property." *Hatten*, 275 F.3d at 1210; *see also*, *Searcy*, 299 F.3d at 1229 (where prison officials allow an inmate to dictate the disposition of property and the inmate refuses, due process is not violated if officials remove property from prisoner's cell and send it to inmate's relatives, even against the inmate's wishes).

Although Plaintiff does not expressly allege that the policy violates a constitutional right, he is presumably trying to allege a due process violation. However, while Plaintiff may be denied the immediate possession of non-compliant property, he cannot be divested of ownership because state law mandates that such property must be stored and maintained pending his release. Consequently, no deprivation has occurred, no protected property right has been implicated, and therefore, no process is due. Therefore, Plaintiff is unlikely to succeed on the merits of his claim and therefore his request to retain his typewriter will be denied.

**Request Protective Segregation**

Plaintiff requests that the court issue an order directing the ADOC Director Schriro place him in permanent Protective Segregation that is commensurate with his custody level of minimum security. An inmate does not have a constitutionally protected right to be held in a specific security classification nor a constitutional right to placement in a particular prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). Thus, the Court is not inclined to order the ADOC to place a prisoner in a particular location and will not provide specific orders as to placement and the type of privileges ADOC is to provide an inmate. ADOC must make these determinations based on the security and safety of the facility and the Court is not currently in a position to make that determination. Accordingly, Plaintiff's request for an order to be placed in protective segregation will be denied.

**Continue Deadlines**

Defendants move this Court to continue the discovery deadlines in light of Plaintiff's recent informal disclosure regarding his medical condition and Plaintiff's refusal to provide Defendants with an authorization to secure a copy of his current medical records. Counsel states that he mailed Plaintiff a medical authorization form which has not been executed and returned by Plaintiff. In his response to Defendants' motion, Plaintiff states that he indeed provided Defendants with a signed authorization form (Doc. #28, Ex. A). A review of the signed authorization form reveals that it pertained to case numbers CIV 05-3736-PHX-MHM and CIV 04-2548-PHX-MHM and not the instant matter. Defendants' request to continue the pending deadlines will be granted.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for the Appointment of Legal Counsel (Doc. #27) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for an Order to Retain Typewriter (Doc. #27).

**IT IS FURTHER ORDERED** denying Plaintiff's request for an Order from the Court directing that the ADOC place him in protective segregation.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Strike Defendants' Motion to Continue Deadlines (Doc. #28).

**IT IS FURTHER ORDERED** granting Defendants' Motion to Continue Deadlines (Doc. #25) as follows:

1. That within 15 days of the entry of this Order, Plaintiff will provide counsel for Defendants with his executed Authorization for Release of Medical Information and Documentation in the form of the authorization annexed to this Order, and the identity of the neurologist whom he claims diagnosed him with Ramsey Hunt Syndrome. Plaintiff is also directed to authorize the release of this unidentified neurologist's records to Defendants if requested to do so by counsel for Defendants.

  2. That once Defendants have received copies of the subject medical records, their counsel file a notice to that effect with the Court.

  3. That the Scheduling Order be modified as follows:

- Last day to depose Plaintiff - thirty days after Defendants notify the Court that they have received the subject medical records pursuant to his authorization.
- Last day to file dispositive motions - thirty days after the deadline to conduct Plaintiff's deposition.
- Joint Pretrial Statement - thirty days after the deadline to file dispositive motions.

  4. That if Plaintiff fails to comply with this Order, the Court may dismiss this action without further notice.

  DATED this 31st day of August, 2007.

          _____
          David K. Duncan
          United States Magistrate Judge

OFFICE OF THE ATTORNEY GENERAL
LIABILITY MANAGEMENT SECTION
177 N. CHURCH, SUITE 1105
TUCSON, ARIZONA 85701

AUTHORIZATION FOR RELEASE
OF MEDICAL INFORMATION AND DOCUMENTATION

TO: Arizona Department of Corrections
1601 W. W. Jefferson
Phoenix, AZ 85007

RE: Inmate Name: **TRENTON, Joseph   (aka SLONE, Clinton J.)**
DOB:        **1975**             ADC No.:  **#112499**

Case No.: USDC CV 06-2905-PHX-MHM (DKD)

**SEND TO:** Paul E. Carter
Assistant Attorney General
Liability Management Section
177 N. Church, Suite 1105
Tucson, Arizona   85701

The undersigned patient authorizes the release of any and all documents and records contained in your files relating to reports, inpatient, outpatient, emergency room, personal physician care, treatment, and any and all other matters relating to patient's medical and/or psychological condition. These are to include, but are not limited to records of treatment for drug/alcohol/abuse and/or psychiatric illness, all diagnostic testing, MRI's, CT Scans, imaging, X-rays, prescriptions, correspondence, referrals, consultations, telephone contracts, handwritten or typed notes, letters and correspondence. The undersigned patient specifically authorizes the Assistant Attorney General and his/her assistants to contact the patient's Arizona Department of Corrections health care providers and authorizes the providers to disclose any and all information or opinions regarding the patient's medical and/or psychological condition and/or care to them.

A photostatic copy of this authorization shall be considered as effective as the original. Further, this authorization will remain in effect until these matters have been concluded either by dismissal or entry of judgment in the above-referenced matters.

_____
Patient's Signature

SUBSCRIBED AND SWORN to before me by JOSEPH TRENTON this _____ day of _____, 2007.

_____
Notary Public

My commission Expires:

42898